IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| GABRIEL S. FONTANA,<br><br>      Plaintiff-Appellant,<br><br>      v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br><br>      Defendants-Appellees. | No. 24-2526 |

**CONSENT MOTION TO PLACE APPEAL IN ABEYANCE AND CONTINUE ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully moves to take the June 5, 2025, oral argument off the calendar and to hold this appeal in abeyance. Plaintiff consents to this motion.

1. This appeal involves a Second Amendment challenge to 18 U.S.C. § 922(g)(1), which prohibits firearm possession by persons convicted of offenses punishable by more than one year of imprisonment. Plaintiff-appellant is subject to this prohibition based on his 1998 federal convictions for drug trafficking and money laundering.

2. Oral argument is currently scheduled for June 5.

3. Following a change in administration, the President issued an Executive Order which, among other things, directs the Attorney General to "present a proposed plan of action" upon review of "[t]he positions taken by the United States in any and all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights." Exec. Order No. 14206, § 2(b)(v), 90 Fed. Reg. 9503 (Feb. 12, 2025).

4. In addition, citing this Executive Order, the Attorney General recently issued an interim final rule withdrawing the delegation of authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to administer 18 U.S.C. § 925(c). *See Withdrawing the Attorney General's Delegation of Authority*, 90 Fed. Reg. 13,080 (Mar. 20, 2025). Under that statutory provision, a person who is disqualified from possessing firearms, including a person disqualified under Section 922(g)(1), "may make application to the Attorney General for relief from the disabilities." 18 U.S.C. § 925(c). "[T]he Attorney General may grant such relief" if the applicant shows that "the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *Id.*

2

5.  Before this interim final rule was issued, Section 925(c)'s relief-from-disabilities program had effectively been suspended.  *See United States v. Bean*, 537 U.S. 71, 74-75 (2002).  Now that this is no longer the case, however, plaintiff has submitted a request for relief under Section 925(c).  Evaluation of that request is ongoing.

6.  A decision on plaintiff's pending request for relief under Section 925(c) could have a significant impact on these proceedings.  To facilitate an orderly and efficient judicial process, the government requests that the Court hold this case in abeyance and take the oral argument off the calendar.  The government respectfully proposes to update the Court with status reports every 60 days.

7.  Counsel for plaintiff has informed the undersigned that plaintiff consents to this request.

Respectfully submitted,

_s/ Kevin B. Soter_

KEVIN B. SOTER
_Attorney, Appellate Staff_
_Civil Division, Room 7222_
_U.S. Department of Justice_
_950 Pennsylvania Avenue NW_
_Washington, DC 20530_
_California Bar No. 324524_
_(202) 305-1754_
_kevin.b.soter@usdoj.gov_

APRIL 2025

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 447 words, according to the count of Microsoft Word.

*/s/ Kevin B. Soter*
KEVIN B. SOTER